UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RICHARD RAYMOND RESSLER, | ) | Case No. 11-cv-2000 BEN (NLS) |
| Plaintiff, | ) ) | |
| v. | ) ) | **REPORT AND RECOMMENDATION TO GRANT DEFENDANTS' MOTION** |
| DANIEL PARAMO, et al., | ) ) | **TO DISMISS PLAINTIFF'S COMPLAINT** |
| Defendants. | ) ) | |
| | ) | [Doc. No. 13.] |

**I. INTRODUCTION**

Richard Raymond Ressler ("Plaintiff") is currently a California State prisoner incarcerated at the Richard J. Donovan Correctional Facility ("RJD"). On August 30, 2011, Plaintiff filed a Complaint [Doc. No. 1] alleging Defendants violated his constitutional rights under the Fifth, Eighth, and Fourteenth Amendments, and further alleging a claim under the Americans with Disabilities Act ("ADA"). Compl. at 1-14.[1] Presently before the Court is Defendants' Motion to Dismiss Plaintiff's Complaint. [Doc. No. 13.] Defendants contend dismissal of the constitutional claims is appropriate under either Federal Rule of Civil Procedure 12(b)(1) or (6) because Defendants, in their official capacities, are (1) immune from suits by operation of the Eleventh Amendment, and (2) not "persons" within the meaning of 42 U.S.C. section 1983. (Motion to Dismiss Compl. ("Mot.") at 2.) Defendants further contend that the ADA claim should be dismissed on the ground that the ADA does not apply to medical care decisions, as in Plaintiff's case. (*Id.*)

---

[1]All citations to the Complaint are to the page numbers assigned by the ECF system.

1

Plaintiff has filed an Opposition ("Opp."). [Doc. No. 18.]

After a thorough review, the court **RECOMMENDS** granting Defendants' Motion to Dismiss, with leave to amend the Complaint to sue Defendants as individuals, rather than in their official capacities.

## II. STATEMENT OF FACTS

Plaintiff is a prisoner at RJD. Compl. at 1. On February 20, 2008, the RJD medical staff prescribed Plaintiff morphine sulphate to help relieve his chronic pain. Compl. at 9. Plaintiff received this medication until December 21, 2010 when Dr. Canlas, an RJD doctor, discontinued the medication after a blood and urine screening showed both morphine and methadone in Plaintiff's system. *Id.* Plaintiff alleges he never took methadone. *Id.* It appears that the combination of morphine and methadone in Plaintiff's system was dangerous, and could have resulted in Plaintiff's death. *See* Compl., Ex. 2. Since the medication was discontinued, Plaintiff's quality of life has deteriorated. He experiences constant, severe pain in the course of his daily functions. Compl. at 14.

Plaintiff now alleges that the denial of medication violates his constitutional rights under the Fourth, Fifth, and Fourteenth Amendments. Compl. at 9-12. Plaintiff also raises a claim of disability discrimination under the ADA. *Id.* at 13.

## III. APPLICABLE LEGAL STANDARDS

### A. Motion to Dismiss

A Federal Rule of Civil Procedure 12(b)(6) motion to dismiss tests the legal sufficiency of the plaintiff's claims. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). For the sake of deciding the motion, the court must accept as true all material allegations in the complaint, and the reasonable inferences drawn from them, in the light most favorable to the plaintiff. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002). This tenet does not extend, however, to legal conclusions cast as factual allegations. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009); *see also Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. ___, 129 S.Ct. at 1949-50 (citing *Twombly*, 550 U.S. at 555). "Where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." *Id.* at 1950.

1  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
2  the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. ___, 129
3  S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). The plausibility standard requires showing "more than a
4  sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are
5  merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility
6  of entitlement to relief." *Id.* (citing *Twombly*, 550 U.S. at 557) (quotations omitted).

### B. *Pro Se* Litigants.

Where a plaintiff appears *pro se* in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988). The rule of liberal construction is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). In giving liberal interpretation to a *pro se* civil rights complaint, however, the court may not "supply essential elements of [a] claim that w[ere] not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). The court must give a *pro se* litigant leave to amend his complaint "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (citing *Doe v. U.S.*, 58 F.3d 494, 497 (9th Cir. 1995)).

### C. Section 1983

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor,* 490 U.S. 386, 393-94 (1989) (quotation omitted). A section 1983 claim must allege: (1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused, (3) by conduct of a 'person,' (4) acting under color of state law." *Crumpton v. Gates,* 947 F.2d 1418, 1420 (9th Cir. 1991). "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989).

## IV. DISCUSSION

### A. Section 1983 Claims

Plaintiff raises several 42 U.S.C. section 1983 claims for alleged violations of his rights under the Fifth, Eighth, and Fourteenth Amendments. Compl. at 2-3. Defendants request dismissal of these claims

because Defendants, in their officials capacities, are (1) immune from suit in federal court, and (2) not "persons" within the meaning of section 1983. (Mot. at 2.)

The Complaint filed by Plaintiff includes check boxes to indicate whether Plaintiff intends to sue Defendants in their individual or official capacities, or both. Compl. at 2. Plaintiff checked only the box marked "official capacity," and left the "individual" box unchecked. *Id.* Because of this, the section 1983 claims fail on two grounds: (1) an essential element of a section 1983 claim–conduct by a 'person'–is absent (*see Will*, 491 U.S. at 71); and (2) the Eleventh Amendment bars federal damages actions against state officials sued in their official capacities, unless a state has expressly waived such immunity or Congress has clearly abrogated the immunity for a particular type of claim. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) (citing *Cory v. White*, 457 U.S. 85, 90 (1982). No such action by Congress or the State of California has occurred. Thus, the claims against Defendants in their official capacities should be dismissed with prejudice.

However, in the interests of justice, Plaintiff should have an opportunity to amend his Complaint to cure the deficiency by suing Defendants in their individual capacities. Leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (internal quotation marks and citation omitted). Plaintiff claims he did not know which boxes to check in the Complaint, and that he did not intend to foreclose recovery by failing to check both boxes. (Opp. at 2.) The Court finds this explanation to be plausible, and gives Plaintiff leave to amend his Complaint to clearly state his intention to sue Defendants in their individual capacities.

**B.     Plaintiff's ADA Claim**

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The Supreme Court has held that Title II applies to state prisons. *Pa. Dep't of Corr. v. Yeskey,* 524 U.S. 206, 210 (1998); *see also Lee v. City of Los Angeles,* 250 F.3d 668, 691 (9th Cir. 2001).

To state a claim under Title II of the ADA, Plaintiff must allege:

> (1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity;

and (4) such exclusion, denial of benefits, or discrimination was by reason of [his] disability.

*McGary v. City of Portland*, 386 F.3d 1259, 1265 (9h Cir. 2004) (internal quotation marks omitted). The focus here is whether Dr. Canlas' decision to discontinue Plaintiff's medication was by reason of Plaintiff's disability. Dr. Canlas discontinued Plaintiff's medication after Plaintiff tested positive for both morphine and methadone. Plaintiff was notified that this behavior could lead to overdose or death. Compl., Ex. 1 at 2. Plaintiff fails to allege in his Complaint that his medication was withheld from him because of his disability. "The ADA prohibits discrimination because of disability, not inadequate treatment for disability." *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1022 (9th Cir. 2010) (citing *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996) ("[The Act would not be violated by a prison's simply failing to attend to the medical needs of its disabled prisoners . . . The ADA does not create a remedy for medical malpractice."). Because Plaintiff has not alleged a discriminatory act taken for reasons of his disability, the claim should also be dismissed without prejudice.

## V. CONCLUSION

Based on the preceding discussion, this Court **RECOMMENDS** Defendant's Motion to Dismiss Plaintiff's Complaint [Doc. No. 13] be **GRANTED** with leave to amend the entire Complaint.

This Report and Recommendation is submitted to the United States district judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). Any party may file written objections with the Court and serve a copy on all parties on or before **April 10, 2012**. The document should be captioned "Objections to Report and Recommendation." Any response to the objections shall be filed and served on or before **April 20, 2012**.

Failure to file objections within the specified time may affect the scope of review on appeal. *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991).

**IT IS SO ORDERED**

DATED: March 19, 2012

_____
NITA L. STORMES
United States Magistrate Judge